Isau LOPEZ–RECINOS, a.k.a. Gesu Lopez, a.k.a. Isau Lopez, a.k.a. Francisco Recinos, a.k.a. Francisco Resinos, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73940.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 2, 2011.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Francis Jacobs, Esquire, Jacobs & Vega, PLC, Santa Fe Springs, CA, for Petitioner.

Sunah Lee, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Isau Lopez–Recinos, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We dismiss the petition for review.

■ We lack jurisdiction to review the agency's discretionary determination that Lopez–Recinos failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Mendez–Castro v. Mukasey,* 552 F.3d 975, 978 (9th Cir.2009).

Lopez–Recinos' contentions that the agency violated his due process rights by disregarding his evidence of hardship are not supported by the record and do not amount to colorable constitutional claims. *See id.* at 980; *see also Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

■ We lack jurisdiction to review Lopez–Recinos' unexhausted contentions that the IJ violated due process by prohibiting him from filing a Temporary Protective Status ("TPS") application and that the government erred by failing to advise him of his right to apply for a waiver of inadmissibility. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We do not reach Lopez–Recinos' contentions regarding whether he merited TPS because he did not file a TPS application before the IJ.

PETITION FOR REVIEW DISMISSED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.